LIONEL Z. GLANCY, SBN 134180
ROBIN B. HOWALD, SBN 110280
KEVIN F. RUF, SBN 136901
KARA M. WOLKE, SBN 241521
GLANCY BINKOW & GOLDBERG
LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160
e-Mail:        info@glancylaw.com

*Attorneys for Plaintiffs*

GAIL E. LEES, SBN 90363
MARCELLUS A. MCRAE, SBN
140308
CASEY N. CARRINGTON, SBN
237001
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone:   (213) 229-7000
Facsimile:    (213) 229-7520
e-mail:        mmcrae@gibsondunn.com

ERIC R. MAIER, SBN 182808
MAIER SHOCH LLP
633 W. Fifth Street, Suite 5880
Los Angeles, California 90071-2086
Telephone: (213) 489-4778
Facsimile:  (213) 489-4798

Attorneys for Defendant Fiserv Trust
Company

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated , <br><br> Plaintiff, <br><br> vs. <br><br> FIRST TRUST CORPORATION, and DOES 1-10, inclusive , <br><br> Defendant | Case No.:  05-CV-03124-ABC-CT <br><br> **STIPULATION OF SETTLEMENT** <br><br> Honorable Audrey B. Collins |

This Stipulation of Settlement (the "Stipulation"), dated as of January 24, 2008, is made and entered into by and among (i) the Class Representatives on behalf of Plaintiffs, including the Class and Subclass, all as defined below, and (ii) Defendant, by and through their respective counsel of record in this litigation.

All the parties to this Stipulation (including Plaintiffs and Defendant) shall collectively be referred to as the "Parties" or the "Settling Parties."  This Stipulation is intended by the Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof, and subject to the approval of the Court.

I.      THE LITIGATION

        A.      Procedural History Of The Litigation

                1.      The Parties Engaged in Law and Motion Practice.

This litigation arises out of Fiserv's role as the custodial trustee of hundreds of Individual Retirement Accounts ("IRAs") which purchased, at the instruction of its customers, millions of dollars of investments offered by D.W. Heath & Associates ("Heath"), whose principals were convicted on January 10, 2008 of swindling approximately 1,700 investors in Southern California out of more than $100 million (the "Heath Fraud"). [1]  Plaintiffs allege in this action, filed against Fiserv

---

[1] "Heath" refers to the purported financial advisory firm, D.W. Heath & Associates.  Heath principals Dan Heath, John Heath, and Denis O'Brien were convicted following a jury trial.  The other Heath principal, Larre Schlarmann, had previously pleaded guilty.

on April 27, 2005 (the "Litigation"), that Fiserv breached duties owed to its customers and generally aided and abetted the Heath Fraud.  Fiserv denies that it knew about the Heath Fraud and further denies that it breached any duties owed to its customers or that it aided and abetted the Heath Fraud.

Fiserv moved to dismiss the initial complaint on August 1, 2005.  Plaintiffs subsequently filed their Amended Class Action Complaint (the "AC") on December 12, 2005, which is the operative pleading in the Litigation.  In January 2006, Fiserv moved to dismiss the AC and also moved to modify the case schedule to incorporate a complete stay of discovery pending resolution of the motion.  Upon briefing on both motions, the Court denied Fiserv's request to modify the case schedule to incorporate a discovery stay, and on August 8, 2006, the Court granted in part and denied in part Fiserv's motion to dismiss.  Specifically, the Court dismissed Plaintiffs' claims for negligent misrepresentation, fraud by omission or representation, fraud by active concealment, negligence, and violations of California Business and Professions Code § 17200, but allowed Plaintiffs to pursue claims alleging breach of fiduciary duty, breach of contract, aiding and abetting breach of fiduciary duty, aiding and abetting fraud, and violations of state securities laws.  Fiserv filed its Answer to the AC on September 28, 2006.

During the summer and fall of 2006, Plaintiffs sought to obtain the Fiserv customer files of the (then putative) Subclass members.  Fiserv initially objected to

the production of the customer files, citing consumer protection laws which Fiserv believed precluded it from producing non-public personal information contained in its customer files.  The Parties ultimately stipulated to a procedure governing the production of such information in light of applicable privacy laws, which the Court approved on October 2, 2006.  Plaintiffs' Counsel proceeded to review the approximately 800 files produced by Fiserv, traveling to Defendant's Counsel's offices in Denver over a series of weeks in October and November 2006 to review the documents.

Upon completion of the initial review of customer files, as well as conducting additional written discovery and depositions (as detailed below), the four named plaintiffs, Jerome Jenson, Betty Tait, Eileen Horton, and Joseph Risse, moved for class certification on December 8, 2006.  Fiserv opposed the motion for class certification, and objected to and moved to strike a substantial amount of the evidence Plaintiffs offered in support of their motion for class certification.  On February 5, 2007, the Court issued an order overruling Fiserv's evidentiary objections and certifying a Class of investors who received less in return than they invested in Heath, and a Subclass of those who, in addition, invested in Heath through Fiserv (the "Certification Order").

On February 16, 2007, Fiserv filed its Petition to Appeal the Certification Order to the Ninth Circuit Court of Appeals.  The Ninth Circuit granted the

STIPULATION OF SETTLEMENT                                                      4

Petition on May 11, 2007.  The Ninth Circuit also granted Plaintiffs' motion to hear the appeal on an expedited basis.

After briefing by the Parties, the Ninth Circuit held oral argument on November 9, 2007.  On November 26, 2007, the Ninth Circuit issued its opinion affirming the Certification Order.

      2.     <u>The Parties Conducted a Thorough Investigation of Their Respective Claims and Defenses and Engaged in Significant Discovery.</u>

The Parties and their counsel have conducted a thorough investigation of the respective claims and defenses asserted in the Litigation, including, inter alia: in-depth research of the applicable statutory and common law with respect to the claims asserted in the Litigation, and the potential defenses thereto; a detailed review of court filings in this and related actions; substantial consultation with experts; and conducting a significant amount of discovery, including written discovery, document production and depositions.

      (a)     <u>Plaintiffs' consultation with experts.</u>

Plaintiffs retained and conferred regularly with a number of experts concerning multiple difficult issues faced by Plaintiffs in pursuing the Litigation. For example, Plaintiffs consulted with experts concerning the duties and responsibilities of a custodial trustee such as Fiserv to its customers, including regulatory requirements to which Fiserv was subject and federal regulation of IRA investments.  Plaintiffs also consulted with experts regarding the regulation of

STIPULATION OF SETTLEMENT            5

private placements, such as the Heath-sponsored investments; specifically, the applicable federal and state laws and regulatory authorities relevant to Heath and the Heath-sponsored investments.  Further, Plaintiffs consulted with experts concerning electronic discovery and computer forensics to aid in the discovery of electronically-stored information.  Finally, Plaintiffs consulted with experts to analyze the amount of damages suffered by the Class.

(b)     The Parties' discovery efforts.

Both Parties conducted discovery, including propounding and/or responding to written discovery requests, document production requests, electronic discovery, and third-party subpoenas, and taking and defending depositions.

Plaintiffs, for example, propounded five sets of written interrogatories, two sets of requests for admission, and 102 document requests upon Defendant.  The Parties engaged in extensive negotiations regarding discovery including the production of e-mails and other electronic discovery.  Ultimately, Defendant produced more than 100,000 pages of documents.  Defendant also propounded written discovery upon Plaintiffs.

Plaintiffs took a total of twenty-two depositions, including the depositions of current and former Fiserv employees and two Rule 30(b)(6) depositions of Defendant.  Fiserv deposed, among others, each Class Representative, as well as

STIPULATION OF SETTLEMENT                                                      6

Robb Evans and Brick Kane, as representatives of Robb Evans & Associates, the

Court-appointed Receiver in the SEC action against Heath.

Finally, Plaintiffs issued third-party subpoenas for the production of

documents in the possession of non-parties, including document storage facilities,

former Heath employees, attorneys, and other custodial trust companies believed to

have had involvement with Heath and/or any of the Heath-sponsored investments.

Additionally, Fiserv issued a third-party subpoena requesting the production of

documents from Robb Evans & Associates.

3.    The Parties Repeatedly Attempted to Settle the Litigation.

The Parties have engaged in settlement negotiations throughout this

Litigation.  The Parties first attempted mediation in October of 2005, working with

Randall W. Wulff of Wulff Quinby & Sochnynsky Dispute Resolution in Oakland,

California.  The Parties returned to Mr. Wulff in November of 2006.  Neither

attempt resulted in settlement.

Additionally, the Parties met in both May and June of 2007, before Justice

John Zebrowski of ADR, Services, Inc. in Los Angeles.  These attempts likewise

did not result in settlement.  The Parties engaged in further settlement discussions

following the Ninth Circuit argument on November 9, 2007, which discussions

continued periodically over the ensuing weeks.  On or around December 19, 2007,

the Parties reached an agreement in principle outlined in a Memorandum of

---

**STIPULATION OF SETTLEMENT**                                                                 7

Understanding ("MOU") executed on January 7, 2008 and embodied in this Stipulation of Settlement.

### B.    Defendant's Denial Of Wrongdoing And Liability

At all times, Defendant has denied and continues to deny any wrongdoing whatsoever, has denied and continues to deny that it has committed, or has threatened or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Litigation, and has contended and continues to contend that it has acted properly. Defendant also denies: (1) each and all of the claims and contentions alleged by Plaintiffs in the Litigation; (2) all charges of wrongdoing or liability against it arising out of any allegations in the Litigation; and (3) that Plaintiffs have suffered damages and/or were harmed by any conduct on its part alleged in the Litigation. In addition, Defendant maintains that it has meritorious defenses to all claims alleged in the Litigation. Among other things, Fiserv contends that: (i) its customers signed documents in which they accepted sole responsibility for deciding how to invest their money, (ii) its customers executed agreements stating that Fiserv is not liable for the result of any such investment decisions, (iii) it has no legal relationship or duties whatsoever to any of the Class members who never were Fiserv customers, (iv) it fulfilled any and all of its legal obligations to all of its customers, which are narrowly and exclusively defined under its customer agreements, and (v) any damages incurred by members of the

Class and/or Subclass were caused solely by the conduct of Heath and Heath's principals. Nonetheless, taking into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this, Defendant has concluded that further pursuit of the Litigation would be protracted, burdensome, and expensive, and that it is desirable and beneficial that the Litigation be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

This Stipulation, and all related documents, are not and shall not be construed as or deemed to be evidence or an admission or concession on the part of Defendant, or any of Defendant's Corresponding Released Parties (as defined below), with respect to any claim or allegation in the Litigation including any claim of any fault, liability, wrongdoing, or damage whatsoever.

Further, Defendant shall not assert or pursue any action or claim asserting that any other party hereto violated any provision of Rule 11 of the Federal Rules of Civil Procedure. Defendant and its counsel agree that the Litigation was resolved in good faith, following arms' length bargaining, confers substantial benefits upon the Settlement Class (defined below) and, based upon their evaluation, is in the best interests of Defendant as well as Plaintiffs and the Settlement Class. Defendant will not deny in any statement made to any media

representative that the Litigation is being settled voluntarily after consultation with competent counsel.

### C.   Plaintiffs' Claims And The Benefits Of Settlement

Plaintiffs believe that the claims asserted in the Litigation have merit. Additionally, Plaintiffs' Counsel in the Litigation have researched the applicable law with respect to their claims and believe they could successfully refute any defenses to their claims raised by Defendant.  Nonetheless, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued prosecution of the Litigation against Defendant through trial and any subsequent appeals.  Plaintiffs and their counsel also have taken into account the uncertain outcome and risks of any litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation.  Therefore, Plaintiffs believe that it is desirable that the Released Claims be fully and finally compromised, settled and resolved with prejudice, and barred pursuant to the terms set forth herein.  This Stipulation, however, shall in no event be construed or deemed to be evidence or a concession by Plaintiffs of any infirmity in the claims asserted in the Litigation.

Based on their evaluation, Plaintiffs' counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle

the claims raised in the Litigation pursuant to the terms and provisions of this

Stipulation.  Plaintiffs, and each of them, shall not assert or pursue any action or

claim asserting that any other party hereto violated any provision of Rule 11 of the

Federal Rules of Civil Procedure.  Plaintiffs and their counsel agree that the

Litigation was resolved in good faith, following arms' length bargaining, confers

substantial benefits upon Plaintiffs, and each of them, and, based upon their

evaluation, achieves the best relief possible consistent with their interests.

Plaintiffs and their counsel, and each of them, will not deny in any statement made

to any media representative that the Litigation is being settled voluntarily after

consultation with competent counsel.

II.      TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

A.      Introduction

        NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by

and among the Class Representatives, on behalf of Plaintiffs, and each of them,

and Defendant, by and through their respective undersigned counsel that, subject to

Court approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in

consideration of the benefits flowing to the Settling Parties from the Settlement set

forth herein, the Litigation and the Released Claims shall be finally and fully

compromised, settled and released, and the Litigation shall be dismissed with

prejudice, as to all Parties, upon and subject to the terms and conditions of this Stipulation.

Pursuant to the terms of the MOU, the Class Representatives, on behalf of Plaintiffs, and Defendant have agreed to file this Stipulation of Settlement and all other documents necessary to obtain preliminary and final approval of the Settlement.

B.   Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1   "Alternative Judgment" means orders and final judgments the Court enters in a form other than the Order and Judgment of Dismissal (as defined below).

1.2   "Authorized Claimant" means any Settlement Class Member who is a Claimant (as defined below) and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.3   "Bar Date" means forty-five (45) days after the Court enters the Order and Judgment of Dismissal (as defined below), or such other time as may be set by the Court.

1.4     "Cash Settlement Amount" means a sum of eight million five hundred thousand dollars ($8,500,000.00) in cash that will be deposited into the Settlement Fund (as defined below).

1.5     "Claimant" means any Settlement Class Member (as defined below) who was determined to have an allowed claim, as approved by the Honorable John F. Walter, for administration by the Court-appointed Receiver, Robb Evans & Associates, in Securities & Exchange Commission v. D.W. Heath & Associates, et al., 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division.

1.6     "Claims Administrator" means the firm the Court appoints upon recommendation of the Parties, which shall administer the Settlement.

1.7     "Class" means all individuals and entities who invested in the fraudulent investment scheme operated by D.W. Heath & Associates ("Heath") and who received in return less money than they invested.

1.8     "Class Representatives" means Jerome Jenson, Betty Tait, Eileen Horton, and Joseph Risse.

1.9     "Court" means the United States District Court for the Central District of California.

1.10    "Defendant" means First Trust Corporation (n/k/a "Fiserv Trust Company"), also referred to in this Stipulation as Fiserv.

1.11   "Defendant's Counsel" means the law firms of Gibson, Dunn & Crutcher LLP and Maier Shoch LLP.

1.12   "Effective Date" means the first date by which all of the events and conditions specified in 7.1 of this Stipulation have been met and have occurred.

1.13   "Escrow Account" means all funds held by the Escrow Agent (as defined below) on behalf of the Settlement Class pending disbursement, which shall be held in the name of "Heath Litigation Settlement Fund" at an institution designated by the Escrow Agent.

1.14   "Escrow Agent" means the firm the Court appoints as Claims Administrator upon the Parties' recommendation.

1.15   "Fee and Expense Application" means Plaintiffs' Counsel's application or applications for distributions to Plaintiffs' Counsel from the Gross Settlement Fund (as defined below) for an award of reasonable attorneys' fees and for reimbursement of actual costs and expenses, including experts or consultants, reasonably incurred in connection with prosecuting the Litigation (including reasonable costs of notice and settlement administration), plus any interest on such attorneys' fees, costs and expenses at the same rate and for the same periods as earned by the Gross Settlement Fund (until paid) as may be awarded by the Court.

1.16    "Fee and Expense Award" means the fees and expenses the Court awards based upon the Fee and Expense Application.

1.17    "Final" means one business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Order and Judgment of Dismissal (as defined below), approving the Settlement substantially in the form of Exhibit B hereto -- i.e., thirty (30) days after entry of the Order and Judgment of Dismissal by the Court -- other than an appeal solely with respect to attorneys' fees or reimbursement of expenses; or (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees or reimbursement of expenses, the date of completion, in a manner that finally affirms and leaves in place the Order and Judgment of Dismissal without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to attorneys' fees or reimbursement of expenses, the date of final dismissal of any appeal or the final disposition of any proceeding on certiorari.

1.18   "Order and Judgment of Dismissal" means the proposed final orders and judgments to be entered by the Court approving the Settlement, substantially in the form attached hereto as Exhibit B.

1.19   "Gross Settlement Fund" means the Cash Settlement Amount and any interest earned thereon.

1.20   "Incentive Awards" means the incentive payments the Court awards to the Class Representatives for their efforts in representing the Class and Subclass (as defined below) in the Litigation.

1.21   "Net Settlement Fund" means the Gross Settlement fund less the items set forth in 5.2(i), (ii), (iii) and (iv) below.

1.22   "Notice" means the Notice of Pendency and Settlement of Class Action and Settlement Hearing, which is to be sent to members of the Settlement Class substantially in the form attached hereto as Exhibit A-1.

1.23   "Order for Notice and Hearing" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.24   "Parties" means Plaintiffs, the Settlement Class and Defendant.

1.25   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency

thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.26   "Plaintiffs" means the Class, Subclass, and Class Representatives.

1.27   "Plaintiffs' Counsel" means the law firm of Glancy Binkow & Goldberg LLP.

1.28   "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses (all as defined below), and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  The Parties have worked with a third-party mediator to determine the proposed Plan of Allocation.  Any Plan of Allocation is not part of this Stipulation, and Defendant shall have no liability with respect thereto.

1.29   "Publication Notice" means the Notice of Pendency and Settlement of Class Action and Settlement Hearing to be published in the Orange County Register and the Riverside Press Enterprise, substantially in the form of Exhibit A-3.

1.30   "Release" means the Proof of Claim and Release form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.31   "Released Parties" means Plaintiffs, Defendant, and each of Plaintiffs' and Defendant's respective Corresponding Released Parties as defined in this paragraph.  "Corresponding Released Parties" shall mean any and all of the Defendant's or Plaintiffs' respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees (present or past), agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and assigns and present or past Persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which any Plaintiff or Defendant has or had a controlling interest or which is or was related to or affiliated with any Plaintiffs or Defendant and any other representatives of any of these Persons or entities.

1.32   "Released Claims" means all claims (including "Unknown Claims" as defined below), including any and all claims, demands, rights, charges, complaints, damages, attorneys' fees, obligations, liabilities of any and every kind, actions, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any

other law, rule or regulation, including the law of any jurisdiction outside the United States, against Defendant and/or its Corresponding Released Parties, or any one of them, arising out of, based upon, or related to the allegations in the AC, or in any way related to any of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, courses of conduct, circumstances, representations, misrepresentations, omissions, failures to act, or any other matters that were or could have been alleged or asserted in the Litigation, or which arise from the Litigation itself, belonging to Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other present or past representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States) that relate in any way to any alleged violation of law, any misstatement or omission, any breach of duty, any negligence or fraud or any other alleged wrongdoing or misconduct relating in any way to Defendant or that relate in any way to the Litigation or its Settlement.

1.33   "Released Defendant's Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against Plaintiffs and their Corresponding Released Parties, arising out of, based upon or related to both the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act which were or could have been asserted or alleged in the Litigation, or which arise from the Litigation itself such as attorneys' fees, belonging to Defendant and its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any

jurisdiction outside of the United States) that relate in any way to the Litigation or its institution, prosecution, or settlement.

1.34   "Request for Exclusion" means a request for exclusion that complies with the requirements set forth in 9 of the Order for Notice and Hearing, Exhibit A hereto, and is postmarked no later than twenty-one (21) court days prior to the date of the Settlement Hearing (as defined below).

1.35   "Settled Claims" means all of the Released Claims and Released Defendant's Claims against the Released Parties and their Corresponding Released Parties.

1.36   "Settlement" means the settlement contemplated by this Stipulation.

1.37   "Settlement Hearing" means the hearing during which the Court will consider whether to approve the Settlement of the Litigation as set forth herein.

1.38   "Settlement Class" means the Class and Subclass, but specifically excludes: (i) D.W. Heath & Associates, Daniel Heath, Larre Schlarmann, Denis O'Brien, John Heath, Martin Duffield, Raul Jordan, Rick Caporale, William Dowdell, Denis McGilvery, and any past or present firm, trust, corporation, parent, subsidiary, or other individual or entity in which any of the foregoing individuals has a controlling interest or any present or past entity that is

related to or affiliated with any of the foregoing individuals; and the legal

representatives, agents, affiliates, heirs, successors, and assigns of any such

excluded persons; (ii) Defendant; all individuals who are either current officers

and/or directors of Defendant, or who served as officers or directors of Defendant

at any time from 1995 to the present; any of Defendant's parents or subsidiaries;

any person, firm, trust, corporation, officer, director, or other individual or entity in

which Defendant has a controlling interest or any entity that is related to or

affiliated with Defendant; and the legal representatives, agents, affiliates, heirs,

successors, and assigns of any such excluded persons; (iii) those Persons who

are/were plaintiffs in a separate action against Fiserv titled Adams et al. v.

Schlarmann et al., No. GIC837421, filed in the Superior Court of the State of

California in the County of San Diego (the "Adams Action"), if the dismissal with

prejudice of the Adams Action against Fiserv has been upheld on appeal and all

appeals have been exhausted at the time that the Order and Judgment of Dismissal

becomes Final; and (iv) those Persons, if any, who have filed, commenced,

prosecuted, intervened in, or participated (as class members or otherwise) in any

other lawsuit, arbitration, or other proceeding in any jurisdiction based on or

relating to the claims and causes of action, or the facts and circumstances relating

thereto, in this Litigation and/or the Released Claims, and whose claims have

resulted in a release of Fiserv or a judgment that is no longer appealable at the time that the Order and Judgment of Dismissal becomes Final.

1.39    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth above.

1.40    "Settlement Fund" means the Cash Settlement Amount of eight million five hundred thousand dollars ($8,500,000.00) in cash deposited, or to be deposited, into an account to be designated by the Escrow Agent, in accordance with the terms of this Stipulation.

1.41    "Settling Parties" means the Settlement Class and Defendant.

1.42    "Subclass" means all members of the Class who invested in Heath with funds held in Individual Retirement Accounts ("IRAs") administered through Defendant.

1.43    "Supplemental Agreement" means the confidential supplemental agreement to be executed by the Parties in connection with this Stipulation, and which will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

1.44    "Taxes" means any estimated taxes, interest or penalties arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or their counsel with respect to any income earned by the Settlement Fund for any period during which the

Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes.

1.45  "Tax Expenses" means expenses and costs incurred in connection with the operation and implementation of 2.7 below, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in 2.7.

1.46  "Unknown Claims" means claims that the Settlement Class, Defendant, and any or all other Persons and entities whose claims are being released, do not know or suspect to exist, which, if known by him, her or it, might affect his, her or its agreement to release the Released Parties and the Released Claims and Released Defendant's Claims or might affect his, her or its decision to agree, object or not to object to the Settlement.

C.   The Settlement

The Settlement Consideration

2.1  On or before January 24, 2008, Defendant shall cause the Settlement Fund to be deposited into an interest-bearing account to fund the costs and expenses reasonably and actually incurred in connection with providing Notice to the Settlement Class, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to the

---

Settlement Class Members, and paying escrow fees and costs, if any.  Any and all Taxes on the Escrow Account shall be paid from the Settlement Fund.  Defendant shall have no liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Awards and Incentive Awards.  Any such awards shall be paid solely by the Settlement Fund.

<u>Handling And Disbursement Of Funds By The Escrow Agent</u>

2.2    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(i)    To pay Taxes and Tax Expenses on the income earned by the Heath Litigation Settlement Fund, and as otherwise provided in 2.7 below. Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund, shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of Court; or

(ii)    To pay the Fee and Expense Award; or

(iii)    To make disbursements pursuant to 2.6 below.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Defendant's Counsel and Plaintiffs' Counsel.

---

2.4     Subject to further order and/or directions as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation.

2.5     All funds held by the Escrow Agent shall be subject to the jurisdiction of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Plan of Allocation and/or further order(s) of the Court, or distributed or returned to the parties who deposited such funds pursuant to this Stipulation and/or further order(s) of the Court.

2.6     Within three (3) business days after payment of the Cash Settlement Amount to the Escrow Account pursuant to 2.1 above, the Escrow Agent may, with approval from the Court, disburse up to the sum of $100,000.00 from the Gross Settlement Fund to pay the reasonable costs and expenses associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing Notice and Proof of Claim and Release forms and publishing the Publication Notice (such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners); soliciting Settlement Class claims; assisting with the filing of claims, administering and distributing the

Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any; and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

Taxes

2.7     (i)     Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this 2.7, including the "relation-back election" (as defined in Treasury Regulation §1.46813-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(ii)     For purposes of §468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation §1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the

returns described in Treasury Regulation §1.468B-2(k).  Such returns (as well as the election described in 2.7(i)) shall be consistent with this 2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in 2.7(iii).

(iii)    All Taxes and Tax Expenses shall be paid out of the Settlement Fund.  Defendant and Defendant's Counsel shall have no liability or responsibility for Taxes or Tax Expenses.  The Escrow Agent shall indemnify and hold each of Defendant and Defendant's Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)).  Neither Defendant nor Defendant's Counsel are responsible nor shall they have any liability for any such amounts.  The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this 2.7.  Defendant's Counsel agree to promptly provide

the Escrow Agent with the statement described in Treasury Regulation §1.468B-3(e).

Termination of Settlement

2.8     Plaintiffs, on behalf of the Settlement Class, or Defendant, and any of them, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so to all other Parties hereto within thirty (30) days of:  (i) the Court's declining to enter the Order for Notice and Hearing in any material respect; (ii) the Court's refusal to approve this Stipulation or any material part of it; (iii) the Court's declining to enter the Order and Judgment of Dismissal in any material respect; (iv) the date upon which the Order and Judgment of Dismissal is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

2.9     If the full Cash Settlement Amount is not paid within the time specified in 2.1, Plaintiffs' Counsel will have the option to terminate the Settlement.

2.10    If a case is commenced in respect of Defendant under Title 11 of the United States Code or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of

competent jurisdiction determining the transfer of money to the Escrow Account on behalf of Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is thus required to be returned, then Plaintiffs will have the option to terminate the Settlement and any sums in the Escrow Account shall be handled in accordance with the order(s) of a court of competent jurisdiction.

        D.    <u>Order For Notice and Hearing</u>

        3.1    Promptly after execution of this Stipulation, Plaintiffs' Counsel and Defendant's Counsel shall jointly submit this Stipulation together with its Exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of an Order for Notice and Hearing, approval for the mailing and publication of the Notice and Publication Notice, substantially in the form of Exhibits A-1 and A-3 hereto, which shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation as proposed by a third-party mediator and agreed upon by the Parties, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

        3.2    At the time of the joint submission described in 3.1, Plaintiffs' Counsel and Defendant's Counsel shall also jointly request that, after Notice is given, the Court hold a Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Plaintiffs'

Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

      E.    <u>Releases</u>

          4.1    The obligations incurred pursuant to this Stipulation shall be a full and final disposition of the Litigation, any and all Released Claims, and any and all Released Defendant's Claims, as against all Released Parties and their Corresponding Released Parties.

          4.2    Upon the Effective Date, Plaintiffs, and each of them, on behalf of themselves and their Corresponding Released Parties, shall be deemed to have, and by operation of the Order and Judgment of Dismissal shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against Defendant and any and all of its Corresponding Released Parties.  Delivery of a Proof of Claim and Release executed by a Settlement Class Member shall release all Released Claims against Defendant and its Corresponding Released Parties.

          4.3    Upon the Effective Date, Defendant, on behalf of itself and its Corresponding Released Parties, shall be deemed to have, and by operation of the Order and Judgment of Dismissal shall have, fully, finally, and forever released, relinquished and discharged all Released Defendant's Claims against Plaintiffs, and each of them, and their Corresponding Released Parties including, but not limited to, Plaintiffs' Counsel.

---

4.4     Upon the Effective Date, the Settlement Class, Defendant, and all other Persons and entities whose claims are being released, shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of §1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Settlement Class, Defendant, and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside the United States, which is similar, comparable or equivalent to §1542 of the California Civil Code.  Plaintiffs and Defendant acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Release, but that it is their intention finally and forever to settle and release the

Released Claims and the Released Defendant's Claims, notwithstanding any Unknown Claims they may have.

       4.5    Only those Settlement Class Members filing valid and timely Proof of Claim and Release forms shall be entitled to participate in the Settlement and receive a distribution from the Settlement Fund.  The Release to be executed by Settlement Class Members shall release all Released Claims against the Released Parties, and shall be substantially in the form contained in Exhibit A-2 attached hereto.  Except as otherwise provided below in 5.3(i), all Settlement Class Members shall be bound by the Releases set forth in this Section E, whether or not they submit a valid and timely Proof of Claim and Release.

      F.    <u>Administration And Calculation of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund</u>

       5.1    Under the supervision of Plaintiffs' Counsel and Defendant's Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims of the Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

       5.2    The Gross Settlement Fund shall be applied as follows:

          (i)    To pay the Taxes and Tax Expenses;

---

**STIPULATION OF SETTLEMENT**            33

(ii)     To pay all the costs and expenses reasonably and actually incurred in connection with settlement administration, including, but not limited to, locating members of the Settlement Class, providing Notice, administering and distributing the Settlement Fund to Authorized Claimants, paying escrow fees and costs, if any, and paying the fees and expenses of the Claims Administrator;

(iii)    To pay the Fee and Expense Award;

(iv)    To pay the Incentive Awards;

(v)     To distribute the Net Settlement Fund, and, thereafter, to the Authorized Claimants as allowed by this Stipulation and the Plan of Allocation; or such further approval and further order(s) of the Court as may be necessary or as circumstances may require and as agreed to by the Settling Parties.

5.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require and as agreed to by the Parties, the Net Settlement Fund shall be distributed to Authorized Claimants, consistent with the following:

(i)  Any Person falling within the definition of the Settlement Class may be excluded from the Settlement Class by submitting to the Claims Administrator a Request for Exclusion.  All Persons who submit valid and timely Requests for Exclusion shall have no rights under the Stipulation, shall not share in

the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Order and Judgment of Dismissal.  However, a Settlement Class Member may submit a written revocation of a Request for Exclusion up until the Bar Date and receive payments pursuant to this Stipulation and Settlement provided the Settlement Class Member also submits a valid Release, as set forth in 5.3(ii), below, prior to the Bar Date;

(ii)     By the Bar Date, each Settlement Class Member claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto;

(iii)  Except as otherwise provided above in 5.3(i) or as ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who assert a claim that is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and Settlement, but will in all other respects be subject to and bound by the provisions of this Stipulation, the Releases contained herein, and the Order and Judgment of Dismissal and will be barred and enjoined from bringing any action against the Released Parties concerning the Settled Claims.

5.4     If necessary, Defendant shall produce its account statements from 1999 or later and/or contact information for the Subclass Members to the Claims Administrator for the purpose of analyzing allowed claims or giving Notice to Settlement Class Members.  Defendant, its Corresponding Released Parties, and Defendant's Counsel shall have no liability to the Settlement Class in connection with such administration.  Neither Defendant, nor its Corresponding Released Parties, nor Defendant's counsel shall have any liability whatsoever with respect to (and none of the Settlement Class Members, nor any Authorized Claimant shall have any claim against Defendant, its Corresponding Released Parties, or Defendant's Counsel in connection with) the investment of the Settlement Fund, the distribution of the Gross Settlement Fund or the Net Settlement Fund, the Plan of Allocation, the Claims Administrator's giving of Notice to the Settlement Class, the determination, administration, calculation, or payment of claims, the review of allowed claims or any costs or losses associated therewith, the payment or withholding of Taxes and Tax Expenses, or any losses incurred in connection therewith.  Counsel for the Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

5.5     No Person shall have any claim against Defendant, Defendant's Counsel, Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim

rejections made substantially in accordance with this Stipulation and the

Settlement contained therein, the Plan of Allocation, or further orders of the Court.

Specifically, the final determination of whether a Claimant is a member of the

Subclass  -- and thus entitled to the level of recovery allocated to Subclass

members -- is conclusive and not subject to appeal.  Defendant, Defendant's

Counsel, the Claims Administrator and Plaintiffs' Counsel shall have no liability

whatsoever with respect to (and none of the Settlement Class Members, nor any

Authorized Claimant, shall have any claim against Counsel for the Parties or the

Claims Administrator for) the final determination of Subclass member status.

      5.6     Defendant may not recoup any portion of the Settlement Fund

in the event the Court enters the Order and Judgment of Dismissal approving the

Settlement, except as provided for in this Stipulation or the terms of the

Supplemental Agreement.

      5.7     It is understood and agreed by the Settling Parties that any

proposed Plan of Allocation of the Net Settlement Fund including, but not limited

to, any adjustments to an Authorized Claimant's allowed claim amount, is not a

part of this Stipulation and is to be considered by the Court separately from the

Court's consideration of the fairness, reasonableness and adequacy of the

Settlement set forth in this Stipulation, and any order or proceedings relating to the

Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect

the finality of the Court's Order and Judgment of Dismissal approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

5.8     After Notice is given, Plaintiffs' Counsel will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application, and the Parties shall request and obtain from the Court a Final Order and Judgment of Dismissal essentially identical to the form attached to this Stipulation as Exhibit B.  The Order and Judgment of Dismissal will (among other things):

(i)     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Settlement and Stipulation, including all exhibits thereto;

(ii)     approve the Stipulation and the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, including approval of the calculations of Settlement Class Members' initial allowed claims, as previously approved by the Honorable John F. Walter, for administration by the Court-appointed Receiver, Robb Evans & Associates, in Securities & Exchange Commission v. D.W. Heath & Associates, et al., 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division, to be applied in the Plan of

Allocation in this Settlement; direct the Parties and their counsel to implement and consummate the Settlement and Stipulation according to its terms and provisions; and declare the Settlement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of, Plaintiffs and all other Settlement Class Members, as well as their Corresponding Released Parties;

                (iii)    find that the Notice, the Publication Notice and the notice methodology implemented pursuant to the Stipulation (a) constitute the best practicable notice, (b) constitute notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement and to appear at the Settlement Hearing, (c) are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of California law, the Due Process Clause of the United States Constitution and the Rules of the Court;

                (iv)    find that the Notice, the Publication Notice and the notice methodology to be implemented pursuant to the Stipulation (a) constitute the most effective and practicable notice of the Order and Judgment of Dismissal, the relief available to Settlement Class Members pursuant to the Order and Judgment of

Dismissal, and applicable time periods, and (b) constitute due, adequate and sufficient notice for all other purposes to all Settlement Class Members;

(v)     find that Plaintiffs' Counsel and the Class Representatives adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

(vi)    approve the Incentive Awards identified for each Class Representative;

(vii)   dismiss the entire Litigation (including all individual claims and Settlement Class claims presented thereby) on the merits and with prejudice against all past and present defendants, without fees or costs to any party except as provided in the Settlement and Stipulation;

(viii)  incorporate the Release set forth above, make the Release effective as of the date of the Order and Judgment of Dismissal, and forever discharge the Released Parties from any claims or liabilities arising from or related to the Released Claims;

(ix)    bar and enjoin all Settlement Class Members who have not been excluded from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit, arbitration or other proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto,

in this Litigation and/or the Released Claims, and (b) organizing Settlement Class Members who have not been excluded from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims;

(x)     authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and Stipulation and its implementing documents (including all exhibits to this Stipulation) as (a) shall be consistent in all material respects with the Order and Judgment of Dismissal, or (b) do not limit the rights of Settlement Class Members;

(xi)     without affecting the finality of the Order and Judgment of Dismissal for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement and Stipulation and the Order and Judgment of Dismissal, and for any other necessary purpose; and

(xii)     incorporate any other provisions, as the Court deems necessary and just.

G.   <u>Plaintiffs' Counsel's Attorneys' Fees, Reimbursement Of Expenses, and Class Representatives' Incentive Awards</u>

6.1   Plaintiffs' Counsel may submit a Fee and Expense Application.

6.2   Plaintiffs' Counsel may ask the Court to approve an Incentive Award to each of the Class Representatives, up to a maximum aggregate sum of $50,000.  Plaintiffs propose that the following amounts are reasonable for the Class Representatives: to Jerome Jenson in the amount of $20,000 for his involvement in representing the Class for almost three years; to Betty Tait in the amount of $10,000 for her efforts in representing the Class for almost three years; to Eileen Horton in the amount of $10,000 for her efforts in representing the Class for almost three years; and to Joseph Risse in the amount of $10,000 for his efforts in representing the Class for almost three years.  The Claims Administrator shall pay the Incentive Awards, as approved by the Court, from the Gross Settlement Fund, and shall do so in accordance with this paragraph.  Defendant agrees not to object to Plaintiffs' Counsel's request for such Incentive Awards up to the above-referenced aggregate amount.

6.3   The Fee and Expense Award shall be paid to Plaintiffs' Counsel, and the Incentive Awards shall be paid to the Class Representatives, from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses and Incentive Awards.  In the event that the

---

**STIPULATION OF SETTLEMENT**                                              42

Effective Date does not occur, and the Fee and Expense Award and/or the

Incentive Awards have been paid to any extent, then Plaintiffs' Counsel, and/or the

Class Representatives, shall, within thirty (30) business days from receiving notice

from Defendant's Counsel or from a court of appropriate jurisdiction, refund to the

Settlement Fund the fees and expenses previously paid to any of them from the

Settlement Fund plus interest thereon at the same rate as earned on the cash portion

of the Settlement Fund.

6.4     The procedure for, and allowance or disallowance by the Court

of, the Fee and Expense Application, including the fees and expenses of experts

and consultants, or the Incentive Awards, to be paid out of the Gross Settlement

Fund, are not part of the Settlement set forth in this Stipulation and are to be

considered by the Court separately from the Court's consideration of the fairness,

reasonableness and adequacy of the Settlement set forth in this Stipulation, and any

order or proceedings relating to the Fee and Expense Application, or any appeal

from any order relating thereto or reversal or modification thereof, shall not

operate to modify, terminate or cancel this Stipulation, or affect or delay the

finality of the Judgment approving this Stipulation and the Settlement of the

Litigation.

6.5     Except as set forth in 2.1 herein, Defendant and its

Corresponding Released Parties shall have no liability whatsoever with respect to

any payment to Plaintiffs' Counsel and/or any other Person who receives payment from the Settlement Fund.

6.6     Defendant and its Corresponding Released Parties shall have no liability whatsoever with respect to the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto of the Fee and Expense Award.

H.     Conditions Of Settlement, Effect Of Disapproval, Cancellation Of Termination

7.1     The Effective Date shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

(i)     Defendant has timely contributed to the Settlement Fund as required by 2.1 above;

(ii)     The Court has entered the Order for Notice and Hearing, substantially in the form attached hereto as Exhibit A;

(iii)   The Court has approved the Settlement, following notice to the Class and a hearing, as provided in Rule 23 of the Federal Rules of Civil Procedure, and has entered the Order and Judgment of Dismissal, or judgments substantially in the form of Exhibit B; and

(iv)    The Order and Judgment of Dismissal has become Final, or, in the event that the Court enters an Alternative Judgment that has the consent of the Parties, such Alternative Judgment becomes Final.

7.2    Upon the occurrence of all of the events referenced in 7.1 above, any and all interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.  At that time, i.e., the occurrence of the Effective Date, the Escrow Agent shall transfer the Gross Settlement Fund to the Claims Administrator to be distributed in accordance with 5.2(v) hereof.

7.3    If prior to the Settlement Hearing, any Persons who otherwise would be Settlement Class Members have timely submitted Requests for Exclusion, and such Persons own more than a certain percentage of the claims in this Settlement as specified in the Supplemental Agreement, Defendant shall have, in its sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion, shall be delivered to Defendant's counsel of record within five (5) calendar days of receipt by Plaintiffs or Plaintiffs' Counsel, but in no event later than seven (7) calendar days before the Settlement Hearing. Defendant may terminate the Stipulation by serving written notice of termination

on the Court and Plaintiffs' Counsel by hand delivery or first class mail, postmarked on or before five (5) business days after the receipt of all of the copies of the Requests for Exclusion, on or before five (5) business days after the Court grants additional exclusions for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last.

       7.4    If some or all of the conditions specified in 7.1 are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated subject to 7.6 unless those contributing to the Settlement Fund, Plaintiffs' Counsel, and Defendant's Counsel mutually agree in writing to proceed with this Stipulation. None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than provided for and agreed herein or in the MOU.  If any Party engages in a material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all of the Settling Parties.

       7.5    If this Stipulation is terminated or fails to become effective for the reasons set forth in 2.8, 2.9, 2.10, 7.1 and/or 7.4, above, the Settling Parties and those contributing to the Settlement Fund shall be restored to their respective positions in the Litigation as of January 1, 2008.  In such event:

(i)     Any Order and Judgment of Dismissal or Alternative Judgment shall be treated as vacated, nunc pro tunc;

(ii)    Any Releases given under this Stipulation shall be null and void; and

(iii)   With the exception of a termination under  2.10 of this Stipulation, the Gross Settlement Fund plus any interest earned, less any Taxes or Tax Expenses due with respect to any interest earned by the Settlement Fund, less expenses actually incurred and paid or due and owing in connection with notice costs and administration of the Settlement as provided for in this Stipulation, shall be returned, within twenty (20) business days after written notice of such event, to Defendant or to its designee; provided, however, that in the event that the accrued interest and earnings of the Settlement Fund are not sufficient to cover the expenses paid or due to be paid from the Settlement Fund, any such expenses that Plaintiffs' Counsel account for as actually and properly incurred in connection with the cost of giving notice of the Settlement and the administration of the Settlement prior to the termination or cancellation of the Settlement in accordance with the terms of this Stipulation, and any such expenses consisting of Tax Expenses, shall not be returned to any other party to the Litigation.  No Order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses and interest awarded by

the Court to Plaintiffs or any of Plaintiffs' Counsel shall constitute grounds for cancellation or termination of this Stipulation, unless the Court otherwise orders.

7.6    If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Plaintiffs nor any of Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed for the items sets forth in 7.5(iii) for which proof is shown that such amounts have already been properly incurred as expenses.  In addition, any expenses set forth in 7.5(iii) already properly incurred and chargeable at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent from the Gross Settlement Fund in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with 7.5(iii)  above.

8.    Miscellaneous Provisions

8.1    The Settling Parties (i) acknowledge that it is their intent to consummate this agreement; and (ii) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation.  Plaintiffs' Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Order for Notice of Hearing, the Stipulation, and the Settlement, and to promptly agree upon and execute all such

other documentation as may be reasonably required to obtain final approval of the

Settlement.

        8.2    The Settling Parties intend this Stipulation to be a final and

complete resolution of all disputes between them with respect to the Litigation as

well as any disputes that could have been raised in the Litigation by Plaintiffs, the

Settlement Class, and their Corresponding Released Parties, and each or any of

them, against Defendant and its Corresponding Released Parties, Defendant's

Counsel, and each or any of them, on the one hand, and by Defendant and its

Corresponding Released Parties, and each or any of them, against Plaintiffs, the

Settlement Class, their Corresponding Released Parties, and each or any of them,

on the other hand.  The Settling Parties agree not to assert in any forum that the

Litigation was brought by Plaintiffs, or each or any of them, or defended by

Defendant, in bad faith or without a reasonable basis.

        8.3    Whether or not the Effective Date occurs or this Stipulation is

terminated, neither this Stipulation nor the Settlement contained herein, nor any act

performed or document executed pursuant to or in furtherance of this Stipulation or

the Settlement:

        (i)    Is, may be deemed, or shall be used, offered or received

against Defendant or Defendant's Corresponding Released Parties, or each or any

of them, as an admission, concession or evidence of, the validity of any Released

---

**STIPULATION OF SETTLEMENT**                                  49

Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendant and their Corresponding Released Parties, or any of them;

(ii)     Is, may be deemed, or shall be used, offered or received against Defendant as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant and its Corresponding Released Parties, or any of them;

(iii)     Is, may be deemed, or shall be used, offered or received against Plaintiffs, the Settlement Class, Plaintiffs' Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of Released Defendant's Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any fact alleged by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

(iv)     Is, may be deemed, or shall be used, offered or received against Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each or any of them, or against Defendant, Defendant's Corresponding Released Parties, or each or any of them, as an admission or concession with

---

**STIPULATION OF SETTLEMENT**                                                50

respect to any liability, negligence, fault or wrongdoing as against any Parties to the Stipulation, in any civil, criminal, administrative, or other proceeding in any court, administrative agency or other tribunal.  Further, the Settlement, this Stipulation, and any acts performed and/or documents executed in furtherance of or pursuant to this Stipulation and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Stipulation.  However, if this Stipulation is approved by the Court, any party or any of the Corresponding Released Parties may file this Stipulation and/or the Order and Judgment of Dismissal in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(v)     Is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each or any of them, or against Defendant, Defendant's Corresponding Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial; and

(vi)     Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, and Plaintiffs' Corresponding Released Parties, or each and any of them, or against Defendant, Defendant's Corresponding Released Parties, or each or any of them, that any of their claims are with or without merit or that damages recoverable under the AC would have exceeded or would have been less than the Cash Settlement Amount.

8.4     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

8.5     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Stipulation.

8.6     All of the Exhibits to this Stipulation are material and integral parts thereof and are fully incorporated therein by this reference.

8.7     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8     This Stipulation and the Exhibits attached hereto constitute the entire agreement among the Parties and no representations, warranties or inducements have been made to any party concerning this Stipulation or its

Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

        8.9     Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

        8.10  This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Stipulation all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court.

        8.11  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and their Corresponding Released Parties.

        8.12  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

8.13     This Stipulation and the Exhibits thereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

8.14     This Stipulation is deemed to have been prepared by counsel for all Parties and shall not be construed more strictly against one party than another.

///

///

///

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys.

Dated: January 24, 2008            GLANCY BINKOW & GOLDBERG LLP

                                    By: _____
                                        Lionel Z. Glancy
                                        Robin B. Howald
                                        Kevin F. Ruf
                                        Kara M. Wolke
                                        1801 Avenue of the Stars, Suite 311
                                        Los Angeles, California  90067
                                        Telephone:  (310) 201-9150
                                        Facsimile:   (310) 201-9160


Dated: January 24, 2008            GIBSON, DUNN & CRUTCHER LLP

                                    _____
                                    Gail E. Lees
                                    Marcellus A. McRae
                                    Casey N. Carrington
                                    333 South Grand Avenue
                                    Los Angeles, California 90071-3197
                                    Telephone:  (213) 229-7000
                                    Facsimile:   (213) 229-7520

Dated: January 24, 2008         MAIER SHOCH LLP

_____

Eric R. Maier
633 W. Fifth Street, Suite 5880
Los Angeles, CA 90071
Telephone:  (213) 489-4778
Facsimile:   (213) 489-4798

*Counsel for Defendant Fiserv Trust Company*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRUST CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 05-CV-03124-ABC-CT<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE AND HEARING** |

WHEREAS, a class action entitled, *Jenson, et al. v. First Trust Corporation*, No. CV 2:05-3124-ABC-CT (the "Litigation") is pending before the Court;

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation, in accordance with a Stipulation of Settlement dated as of January 24, 2008 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court preliminarily approves the Stipulation and the Settlement set forth therein, subject to further consideration and final approval at the Settlement Hearing described below.

2.      A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2008, at 10:00 a.m., at the United States District Court, Central District of California, Courtroom 680, Roybal Federal Building 255 East Temple Street, Los Angeles, California 90012, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to each of the Settling Parties and the Settlement Class and should be approved by the Court; whether an Order and Judgment of Dismissal as defined in ¶1.18 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; whether the proposed Incentive Awards should be approved; and to determine the Fee and Expense Award to Plaintiffs' Counsel.

3.      The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action and Settlement Hearing (the "Notice"), the Proof of Claim and Release, and Publication Notice of Proposed Settlement (the "Publication Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, respectively, and finds that mailing and distribution of the Notice and publication of the Publication Notice substantially in the manner and form set forth in ¶¶4-5 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4.      Plaintiffs' Counsel are hereby authorized to retain the Parties' chosen Claims Administrator, The Garden City Group, Inc., to act as Escrow Agent for the Settlement Fund and to supervise and administer the notice

procedure as well as the processing of claims as more fully set forth below:

a.      Not later than ten (10) days after the date of this Order, Robb Evans & Associates (the "Receiver"), the Court-appointed Receiver in *Securities & Exchange Commission v. D.W. Heath & Associates et al.*, 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division (the "SEC Action"), will provide The Garden City Group, Inc. with the following documentation and/or information, at a minimum;

i.      The identity of all allowed claimants, and the most recent calculations of their respective allowed claims, as determined by the Receiver for the purpose of making distributions in the SEC Action;

ii.      The current addresses, as determined by the Receiver for purposes of making distributions in the SEC Action, for each of the allowed claimants;

iii.      Any other list or spreadsheet that the Receiver has used to identify allowed claimants, calculate their allowed claims, and notify them of their rights with respect to the settlement; and

iv.      An unredacted version of the spreadsheet that the Receiver provided to the Parties on May 9, 2007.

b.      Not later than thirty (30) days after the date the Claims Administrator receives the documentation and information described in subparagraphs 4(a)(i)-(iv) above (the "Notice Date"), Plaintiffs' Counsel shall cause a copy of the Notice and Proof of Claim and Release, substantially in the form annexed hereto as Exhibits A-1 and A-2, to be mailed by first class mail to all members of the Settlement Class who can be identified with reasonable effort;

c.      Not later than twenty-one (21) days after the Notice Date, Plaintiffs' Counsel shall cause the Publication Notice substantially in the form annexed hereto as Exhibit A-3 to be published once in the OC Register and the

Riverside Press Enterprise in Southern California; and

          d.    At least seven (7) days prior to the Settlement Hearing, Plaintiffs' Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

    5.    All members of the Settlement Class who do not submit a valid Request for Exclusion in accordance with ¶9 below shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

    6.    Members of the Settlement Class who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim and Release forms must be submitted no later than 180 days after the date of this Order.  Any Settlement Class Member who does not timely submit the Proof of Claim and Release within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, but, except as provided in paragraph 9 below, such Settlement Class Member shall nonetheless be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, unless otherwise ordered by the Court.

    7.    Settlement Class Members may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Plaintiffs' Counsel.

    8.    Pending final determination of whether the Settlement should be approved, neither the Class Representatives nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Parties, any action or proceeding in any

court or tribunal asserting any of the Released Claims.

9.     Any Person falling within the definition of the Settlement Class, may, upon request, be excluded from the Settlement Class.  Any such Person must submit to the Claims Administrator a Request for Exclusion postmarked no later than twenty-one (21) days prior to the date of the Settlement Hearing.  A Request for Exclusion must state: (a) the name, address, and telephone number of the Person requesting exclusion;  and (b) that the Person wishes to be excluded from the Settlement Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Order and Judgment of Dismissal.

10.     Any Settlement Class Member who does not submit a Request for Exclusion and who complies with the provisions of this paragraph may appear and show cause (if he, she or it has any): (1) why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable and adequate: (2) why the Order and Judgment of Dismissal should or should not be entered thereon; (3) why the Plan of Allocation should or should not be approved; and/or (4) why Plaintiffs' Counsel's Fee and Expense Application and/or the Incentive Awards should or should not be granted.  However, no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Order and Judgment of Dismissal to be entered approving the same, or the order approving the Plan of Allocation, or the Fee and Expense Award to Plaintiffs' Counsel, or the Incentive Awards proposed by Plaintiffs' Counsel, unless that Person has (a) delivered by hand or sent by overnight or first-class mail written objections and copies of any papers and briefs such that they are received on or before twenty-one (21) days before the date of the Settlement Hearing, to  Lionel Z. Glancy, Glancy Binkow &

Goldberg LLP, 1801 Avenue of the Stars, Suite 311, Los Angeles, CA  90067, and (b) filed said objections, papers and briefs with the Clerk of the United States District Court, Central District of California, Courtroom 680, Roybal Federal Building 255 East Temple Street, Los Angeles, California 90012, on or before twenty-one (21) calendar days before the date of the Settlement Hearing.  Any Settlement Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Order and Judgment of Dismissal, to the Plan of Allocation, to the Fee and Expense Award to Plaintiffs' Counsel, and/or to the Incentive Awards proposed by Plaintiffs' Counsel, unless otherwise ordered by the Court.

11.    The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No Person who is not a member of the Settlement Class, a Class Representative or Plaintiffs' Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

12.    All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation, the Escrow Agreement, and/or further order(s) of the Court.

13.    All papers in support of the Settlement, the Plan of Allocation and the Fee and Expense Application shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

14.    Neither Defendant nor Defendant's Counsel shall have any liability whatsoever for the Plan of Allocation or any Fee and Expense Application

submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Counsel, any Fee and Expense Application, and the Incentive Awards proposed by Plaintiffs' Counsel shall be approved.

16. All reasonable expenses incurred in identifying and notifying members of the Settlement Class, as well as in administering the Gross Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts actually and properly disbursed from or chargeable to the Gross Settlement Fund in accordance with ¶5.2 (i) and (ii) of the Stipulation.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: (1) an admission or concession by Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind; or (2) an admission or concession by Plaintiffs and/or the Settlement Class of any infirmity in the claims asserted in the Litigation.

18.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

Dated: _____, 2008 _____

                      HONORABLE AUDREY B. COLLINS
                      UNITED STATES DISTRICT COURT JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRUST CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 05-CV-03124-ABC-CT<br><br>**NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

**TO:   ALL PERSONS WHO INVESTED IN THE FRAUDULENT INVESTMENT SCHEME OPERATED BY D.W. HEATH & ASSOCIATES AND WHO RECEIVED IN RETURN LESS MONEY THAN THEY INVESTED**

**Your legal rights are affected whether you act or do not act.**

**Read this Notice carefully.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

**SUBMIT PROOF OF CLAIM AND RELEASE FORM:**

The only way to get a payment from this Settlement.

**EXCLUDE YOURSELF:**      Get no payment.  This is the only option that allows you to commence or participate in another lawsuit against Defendant relating to the legal claims in this case.

**OBJECT:**      You may write to the Court if you don't like this

Settlement.

**GO TO THE HEARING:**     You may ask to speak in Court about the fairness of this Settlement.

**DO NOTHING:**     Get no payment; forfeit the right to sue in another action.

These rights and options - **and the deadlines to exercise them** - are explained in this Notice.

The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

A federal court authorized this Notice to be sent to you. This is not a solicitation from a lawyer. You or someone in your family may have purchased fraudulent investments offered by the financial advising firm D.W. Heath & Associates ("Heath") between 1995 and 2004 (the "Heath Investments"). A class action lawsuit on behalf of all persons or entities that lost money in these Heath Investments (the "Class") is currently pending in the United States District Court for the Central District of California and is entitled, *Jenson et al. v. First Trust Corporation*, Case No. 05-cv-3124-ABC (the "Litigation"). The persons who sued are called the Plaintiffs, and the company Plaintiffs sued, First Trust Corporation (n/k/a Fiserv Trust Company or "Fiserv"), is the Defendant.

**Class Members**: The Class is defined as: all individuals and entities who invested in the fraudulent investment scheme operated by Heath and who received in return less money than they invested. The Subclass consists of all members of the Class who invested in Heath with funds held in Individual Retirement Accounts ("IRAs") administered through Fiserv.

**Settlement Fund**: The Settlement Fund consists of $8,500,000 in cash.

Your recovery will depend on the amount of Heath Investments you purchased, as well as whether you purchased your Heath Investments with funds held in an Individual Retirement Account ("IRA") administered by Fiserv (i.e., whether you are a Subclass Member).   Your recovery will also depend on the number of eligible Class and Subclass Members who participate in the Settlement.  See Paragraph 9 in the Basic Information section for additional information concerning, among other things, the allocation of the Settlement Fund based on the relative strength of the claims of the Class and the Subclass.

**Reasons for Settlement**:  Settlement at this time provides for a substantial dollar recovery while avoiding the costs and risks associated with continued Litigation, including the danger of no recovery.

**If the Case Had Not Settled**:   Continuing with the case could have resulted in dismissal or loss at trial.  The two sides do not agree on the amount of money that could have been won if Plaintiffs prevailed at trial.  The parties disagree about: (1) whether, and the extent to which, Fiserv had knowledge with respect to Heath's fraudulent activities; (2) whether, and the extent to which, Fiserv assisted Heath's fraudulent activities; (3) whether Fiserv breached any fiduciary or contractual duties it owed to its customers with respect to its administration of any Heath Investments; (4) whether Fiserv aided and abetted a violation of any state securities laws with respect to its administration of any Heath Investments; (5) whether, and the extent to which, exculpatory language contained in Fiserv's customer account establishment documents could preclude recovery; (6) whether, and the extent to which, the lack of a direct contractual relationship with Class Members could preclude recovery; and (7) whether, and the extent to which, any of Fiserv's alleged actions resulted in damage to any members of the Class.

**Fees and Expenses**:  Plaintiffs' Counsel have not received any payment for

their substantial work investigating the facts, conducting this Litigation and negotiating the Settlement on behalf of Plaintiffs and the Settlement Class. Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and reimbursement of actual out-of-pocket expenses reasonably incurred, not to exceed $550,000, to be paid from the Settlement Fund.

**Deadlines**:

Submit Proof of Claim and Release:  postmarked by_____, 2008

Request Exclusion:  postmarked by_____, 2008

File Objection:  filed by _____, 2008

**Court Hearing on Fairness of Settlement**: _____, 2008

**More Information**:

**Claims Administrator:**
Jenson v. Fiserv Litigation
c/o Claims Administrator
Garden City Group, Inc.
P.O. Box 9245
Dublin, Ohio  43017-4645
Telephone: (888) 205-7866

**Plaintiffs' Counsel:**
GLANCY BINKOW & GOLDBERG LLP
Kevin F. Ruf or Kara M. Wolke
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: (310) 201-9150

**BASIC INFORMATION**

**1.    Why Did I Get This Notice Package?**

The Court sent you this Notice because you have a right to know about a proposed Settlement of the Litigation, and about all of your options, before the

Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.  This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2.    What Is This Lawsuit About?**

This case was filed as a potential class action by investors who lost money as a result of the purchase of Heath Investments.  The Securities and Exchange Commission filed charges against Heath in April 2004, seized its assets and files, and installed a court-appointed Receiver, Robb Evans, to garner and distribute available funds to injured investors.  This action does not concern the monies amassed and distributed by the SEC Receiver.  Your receipt of funds from the SEC Receiver does not affect your membership and/or participation as a Class Member in this Settlement.

Defendant Fiserv serves as directed trustee and custodian for self-directed IRA accounts, including those of the Subclass, as defined below.  Plaintiffs Jerome Jenson, Eileen Horton and Joseph Risse filed their class action complaint on April 27, 2005, against Defendant.  These three Plaintiffs, along with Plaintiff Betty Tait (collectively the "Class Representatives"), filed a First Amended Complaint on December 12, 2005.  Plaintiffs allege that Fiserv breached contractual and fiduciary duties to its customers in the purchase and administration of Heath Investments.  Plaintiffs also allege that Fiserv aided and abetted Heath's alleged fraud and breach of fiduciary duty with respect to all Heath investors.  Fiserv denies that it breached any duties to its customers, and Fiserv also denies that it knew about or substantially assisted Heath's fraudulent investment scheme.

On February 5, 2007, the Court certified this Action to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Class is

defined as:  all individuals and entities who invested in the fraudulent investment scheme operated by D.W. Heath & Associates and who received in return less money than they invested.  The Subclass consists of all members of the Class who invested in Heath with funds held in IRAs administered through Fiserv.

The Court has ruled that the Class and Subclass can assert the following claims:  common law aiding and abetting breach of fiduciary duty, common law aiding and abetting fraud, and two statutory claims for aiding and abetting violations of state securities laws.  The Court has ruled that the Subclass also can assert the following additional claims: breach of fiduciary duty and breach of contract.

Fiserv has asserted numerous defenses to each of the claims brought on behalf of the Class and the Subclass.  Among other things, Fiserv contends that: (i) its customers signed documents in which they accepted sole responsibility for deciding how to invest their money, (ii) its customers executed agreements stating that Fiserv is not liable for the result of any such investment decision, (iii) it has no legal relationship whatsoever to any of the Class members who never were Fiserv customers, (iv) it fulfilled any and all of its legal obligations to all of its customers, which are narrowly and exclusively defined under its customer agreements, and (v) any damages incurred by members of the Class and/or Subclass were caused solely by the conduct of Heath and Heath's principals.  Fiserv asserts that the allegations of the complaint are without merit.  Fiserv denies that it did anything wrong, and contends that if the case were to proceed to trial, it would prevail.

**3.    Why Is This a Class Action?**

In a class action, one or more people called Class Representatives (in this case, Jerome Jenson, Betty Tait, Eileen Horton, and Joseph Risse) sue on behalf of people who have similar claims.  Here, all these people, together, are called a Settlement Class or Settlement Class Members.  In a class action, one court

resolves the issues for all Settlement Class Members at the same time, except for those who voluntarily exclude themselves from the Settlement Class.    The Honorable Audrey B. Collins, District Court Judge for the Central District of California, is in charge of this class action.

**4.    Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendant.  Instead, both sides agreed to a  Settlement based on a compromise of the claims and defenses. That way, they avoid the cost and risk of a trial, and eligible Settlement Class Members who make a valid claim will get compensation.   The Settlement was arrived at through arms-length negotiations, with the periodic assistance of two separate experienced mediators.  The Class Representatives and Plaintiffs' Counsel agreed to the  Settlement after considering the results of their factual and legal investigation of the claims of the Settlement Class.

Based on their investigation and discovery of the claims, the experience that Plaintiffs' attorneys have in  litigating  similar complex actions, the procedural protections provided by the  Settlement, and the valuable consideration that the Settlement Class can obtain from the  Settlement, the Class Representatives and their attorneys think the Settlement is best for all Settlement Class Members.

<b>WHO IS IN THE SETTLEMENT</b>

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

**5.    How Do I Know If I Am Part of the Settlement?**

The Settlement Class includes all persons who invested in the fraudulent investment scheme operated by Heath, and who received in return less money than they invested.  The Subclass consists of all members of the Class who invested in Heath with funds held in IRAs administered through Fiserv.  All Members of the Class and Subclass may participate in the Settlement, except: (i) those Persons who

---

NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

opt out of the Settlement Class; (ii) those Persons who are/were plaintiffs in *Adams et al. v. Schlarmann et al.*, No. GIC837421, filed in the Superior Court of the State of California in the County of San Diego (the "Adams Action"), if the dismissal with prejudice of the Adams Action against Fiserv has been upheld on appeal and all appeals have been exhausted at the time that the Order and Judgment of Dismissal becomes Final; (iii) those Persons, if any, who have filed, commenced, prosecuted, intervened in, or participated (as class members or otherwise) in any other lawsuit, arbitration, or other proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims, and whose claims have resulted in a release of Fiserv or a judgment that is no longer appealable at the time that the Order and Judgment of Dismissal becomes Final; and (iv) those Persons and entities that are specifically excluded, as described immediately below.

**6.    What Are the Exceptions to Being Included?**

The following individuals or entities are specifically excluded from the Settlement Class:  (i) D.W. Heath & Associates, Daniel Heath, Larre Schlarmann, Denis O'Brien, John Heath, Martin Duffield, Raul Jordan, Rick Caporale, William Dowdell, Denis McGilvery, and any past or present firm, trust, corporation, parent, subsidiary, or other individual or entity in which any of the foregoing individuals has a controlling interest or any present or past entity that is related to or affiliated with any of the foregoing individuals; and (ii) Defendant; all individuals who are either current officers and/or directors of Defendant, or who served as officers or directors of Defendant at any time from 1995 to the present; any of Defendant's parents or subsidiaries; any person, firm, trust, corporation, officer, director, or other individual or entity in which Defendant has a controlling interest or any present or past entity that is related to or affiliated with Defendant.

**7.    I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can call the Claims Administrator, Garden City Group, Inc., at (888) 205-7866 for more information.  If you are or were a plaintiff in a separate action against Fiserv, and you believe that separate action may have been based on the same facts and events that form the basis for this Litigation, please call your lawyer.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 8.    What Does the Settlement Provide?

Defendant has agreed to pay $8.5 million in cash in settlement of this case. These funds will be distributed to eligible Settlement Class Members who send in valid Proof of Claim and Release forms, after payment of court-approved legal fees and attorney and Class Representatives' expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice.

### 9.    How Much Will My Payment Be?

Your share of the funds will depend on (a) the number of Settlement Class Members who participate in the Settlement by sending in the Proof of Claim and Release (the fewer the number of Settlement Class Members who choose to participate in the Settlement, the larger will be the recovery for each participating Settlement Class Member), and (b) whether you are a member of the Subclass, i.e., whether you purchased Heath Investments with funds held in an Individual Retirement Account ("IRA") administered by Fiserv.  Subclass members will recover based upon 100% of their Initial Claim.  Other Class members will recover based upon 20% of their Initial Claim.  Once the base claims for purposes of this Settlement are determined in accordance with the Plan of Allocation described above, the Net Settlement Fund will be divided pro-rata among all Class Members.

In order to recover money in this Settlement, you must have suffered an

actual monetary loss on your Heath Investment(s) and have been determined to have an allowed claim in the action *Securities & Exchange Commission v. D.W. Heath & Associates, et al.*, 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division, as such allowed claims were calculated by Robb Evans & Associates and approved by Judge John Walter, the Judge presiding over that action.

The payment you get will reflect your pro rata share of the amount in the relevant Settlement Fund (as a fraction, your initial claim divided by the total of all allowed claims for the relevant fund) after deduction of court-approved fees and expenses. The number of Claimants who participate in settlements varies widely from case to case.

## HOW YOU GET A PAYMENT - SUBMITTING A PROOF OF CLAIM AND RELEASE

**10. How Will I Get a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member and you must send in a Proof of Claim and Release. A Proof of Claim and Release is enclosed with this Notice. Read the instructions carefully, fill out the form, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2008.

**11. When Will I Get My Payment?**

The Court will hold a hearing on _____, 2008, to decide whether to approve the Settlement. If Judge Collins approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a Proof of Claim and Release will be informed of the determination with respect to the actual amount of their claim. Please be patient.

**12. What Am I Giving Up to Get a Payment or Stay in the Settlement**

Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against Defendant about the same legal and factual issues in this case. It also means that all of the Court's orders will apply to you and legally bind you and, in return for your participation in the Settlement, you will release your claims in this case against Defendant. The terms of the release are included in the Proof of Claim and Release that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue Defendant on your own about the same legal and factual issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or is sometimes referred to as opting out of, the Settlement Class.

**13.    How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *Jerome Jenson et al. v. First Trust Corporation*, Case No. 05-cv-3124-ABC. You must include your name, address, telephone number, your signature, and the date and amount of Heath Investment(s) you purchased. You must mail your exclusion request postmarked no later than twenty-one (21) days prior to the Settlement Hearing to:

Garden City Group, Inc.
c/o Claims Administrator
P.O. Box 9245
Dublin, Ohio  43017-4645

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to get any settlement payment, and you cannot object

to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.

**14.    If I Do Not Exclude Myself, Can I Sue Defendant for the Same Thing Later?**

No.  Unless you exclude yourself, you give up any right to sue Defendant for the claims resolved by this Settlement.  If you have a pending lawsuit against Defendant, speak to your lawyer in that case immediately.  Remember, any request for exclusion must be postmarked twenty-one (21) days prior to the Settlement Hearing.

**15.    If I Exclude Myself, Can I Get Money from This Settlement?**

No.  If you exclude yourself, do not send in a Proof of Claim and Release. But, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

<b>THE LAWYERS REPRESENTING YOU</b>

**16.    Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Glancy Binkow & Goldberg, LLP to represent you and other Settlement Class Members.  These lawyers are called Plaintiffs' Counsel.  You will not be charged for these lawyers' work.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17.    How Will the Lawyers Be Paid?**

Plaintiffs' Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Fund and for reimbursement of  actual out-of-pocket expenses reasonably incurred, not to exceed $550,000, which were advanced in connection with the Litigation.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested, to the extent they are awarded

by the Court, will be the only payment to Plaintiffs' Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.  To date, Plaintiffs' Counsel have not been paid for their services for conducting this Litigation on behalf of the Class Representatives and the Settlement Class, or for their substantial out-of-pocket expenses.  The fee requested, if awarded, will compensate Plaintiffs' Counsel for their work and risk in achieving the Settlement.

<b>OBJECTING TO THE SETTLEMENT</b>

You can tell the Court that you don't agree with the Settlement or some part of it.

### 18. How Do I Tell the Court that I Don't Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to the settlement in *Jerome Jenson et al. v. First Trust Corporation*, Case No. 05-cv-3124-ABC.  Be sure to include your name, address, telephone number, signature, the date and amount of any purchases of Heath Investments, and the reasons you object to the Settlement.  Any objection to the Settlement must be mailed or delivered such that it is received by each of the following no later than twenty-one (21) days prior to the Settlement Hearing:

<b>(1)The Court, addressed to:</b>

CLERK OF THE COURT<br>
UNITED STATES DISTRICT COURT<br>
CENTRAL DISTRICT OF CALIFORNIA<br>
Roybal Federal Building, Courtroom 680<br>
255 East Temple Street,<br>
Los Angeles, California 90012

<b>(2) Plaintiffs' Counsel, addressed to:</b>

GLANCY BINKOW & GOLDBERG LLP

KARA M. WOLKE
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

and

**(3)Defendant's Counsel, addressed to:**

GIBSON, DUNN & CRUTCHER LLP
MARCELLUS A. MCRAE
333 South Grand Avenue
Los Angeles, California 90071-3197

and

MAIER SHOCH LLP
ERIC R. MAIER
633 W. Fifth Street, Suite 5880
Los Angeles, California 90071-2086

**19.   What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you don't have to.

**20.   When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at  10:00 a.m., on _____, United States District Court, Central District of California, Courtroom 680, Roybal Federal Building 255 East Temple Street, Los Angeles, California 90012.  At this

hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Collins will listen to people who have asked to speak at the hearing. The Court will also consider how much to pay to Plaintiffs' counsel and the extent to which counsel will be reimbursed for their costs and expenses, and the Incentive Awards to be paid to Class Representatives. The Court may decide these issues at the hearing or take them under consideration and decide them at a later time. We do not know how long these decisions will take.

**21.    Do I Have to Come to the Hearing?**

No. Plaintiffs' Counsel will answer questions Judge Collins may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *Jerome Jenson et al. v. First Trust Corporation*, Case No. 05-cv-3124-ABC. Be sure to include your name, address, telephone number, signature, the date and amount of any purchases of Heath Investments, and the reasons you object to the Settlement. Your notice of intention to appear must be received no later than twenty-one (21) days prior to the hearing date, and be sent to the Clerk of the Court, Plaintiffs' Counsel, and Defendant's counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**23.    What Happens if I Do Nothing at All?**

If you do nothing, you will get no money from this Settlement. But, unless

you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant about the same legal or factual issues in this case.

### GETTING MORE INFORMATION

### 24.    Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement.  More details are in the Stipulation of Settlement dated January 24, 2008.  You can get a copy of the Stipulation of Settlement from the Clerk's office at the United States District Court, Central District of California, Courtroom 680, Roybal Federal Building 255 East Temple Street, Los Angeles, California 90012, during regular business hours.

### 25.    How Do I Get More Information?

For further information regarding this Settlement you may contact:  Kevin F. Ruf or Kara M. Wolke, of Glancy Binkow & Goldberg LLP, 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067, telephone: (310) 201-9150. Please do not call any representative of Defendant.


DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE


DATED: _____, 2008        BY ORDER OF THE COURT
                                    UNITED STATES DISTRICT COURT
                                    CENTRAL DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A-2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST TRUST CORPORATION, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 05-CV-03124-ABC-CT<br><br>**PROOF OF CLAIM AND RELEASE** |

## I.     GENERAL INSTRUCTIONS

1.     To recover as a member of the Settlement Class based on your claim(s) in the action entitled *Jenson et al. v. First Trust Corporation*, Case No. 05-cv-3124-ABC (the "Litigation"), you must complete this Proof of Claim and Release and sign it below.  If you fail to file a properly addressed and completed Proof of Claim and Release by the deadline set forth below, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.     Submission of this Proof of Claim and Release does not assure that you will share in the proceeds of Settlement in the Litigation because you will be excluded from the Settlement Class if you have filed, commenced, prosecuted, intervened in, or participated (as class members or otherwise) in any other lawsuit, arbitration, or other proceeding in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims (defined below), if those claims have resulted in a release of Fiserv or a judgment that is no longer appealable at the time that the Order and Judgment of Dismissal in this matter becomes Final.

3.     **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2008, ADDRESSED AS FOLLOWS:**

Jenson v. Fiserv Litigation
c/o Claims Administrator
Garden City Group, Inc.
P.O. Box 9245
Dublin, Ohio  43017-4645

(The Claims Administrator's telephone number is (888) 205-7866.)  If you are NOT a member of the Settlement Class (as defined in the Notice of Pendency and Settlement of Class Action and Settlement Hearing (the "Notice")), DO NOT

submit a Proof of Claim and Release.

4.   If you are a member of the Settlement Class and you do not timely request exclusion (**by _____, 2008**), you are bound by the terms of any judgment entered in the Litigation, whether or not you submit a Proof of Claim and Release.

## II.   CLAIMS

**Jenson et al. v. First Trust Corporation**
**Case No. 05-cv-3124-ABC**

**Instructions:** Please complete this Proof of Claim and Release only if you want to participate in the Settlement that is described in the Notice that accompanies this Proof of Claim and Release.  The deadline for mailing this Proof of Claim and Release to the Claims Administrator is _____, 2008.

**Jenson v. Fiserv Litigation**
**c/o Claims Administrator**
**Garden City Group, Inc.**
**P.O. Box 9245**
**Dublin, Ohio  43017-4645**
**(888) 205-7866**

## 1.   PLEASE PROVIDE THE FOLLOWING INFORMATION:

**Name (First, Middle, Last):**
_____

**Home Street Address:**
_____

**Home Telephone Number: (\_\_\_ \_\_\_ \_\_\_) \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_**

**Social Security Number: \_\_\_ \_\_\_ \_\_\_ - \_\_\_ \_\_\_ - \_\_\_ \_\_\_ \_\_\_ \_\_\_**
**(necessary for identifying accounts; this information will be kept confidential)**

**2.    YOUR CATEGORY OF RECOVERY AND NET CLAIM CALCULATION:**

**You will receive a portion of your losses.**  The amount of your Settlement Payment is based upon: (1) the amount of unreturned principal you invested in Heath-sponsored investment(s), i.e., the total amount of money you gave Heath to invest, less the amount returned to you by Heath, whether characterized as "interest" or otherwise, and less any distributions to you by Robb Evans & Associates, as the Receiver in the SEC action against Heath (the "Receiver"), as of the date the Stipulation was executed by the Settling Parties (your "Initial Claim"); and (2) whether any of your Heath investments were held in an Individual Retirement Account ("IRA") administered by Fiserv, i.e., whether you are a member of the Subclass in the Litigation (your "Category of Recovery").

There are two Categories of Recovery for the Settlement Class: "CUSTOMERS OF FISERV" includes only those Class Members who held at least one Heath-sponsored investment in an account administered by Fiserv. "NON-CUSTOMERS OF FISERV" includes all other Class Members (i.e., those who were not Fiserv customers).  Because of the relative strengths of the claims against Fiserv of CUSTOMERS OF FISERV versus NON-CUSTOMERS OF FISERV in the Litigation, as analyzed by a neutral third-party mediator, CUSTOMERS OF FISERV will recover a substantially higher percentage of their Initial Claim.

CUSTOMERS OF FISERV will recover based upon 100% of their Initial Claim.  NON-CUSTOMERS OF FISERV will recover based upon 20% of their Initial Claim.  Once the base claims for purposes of this Settlement are determined in accordance with the Plan of Allocation described above, the Net Settlement Fund will be divided pro-rata among all Class Members.

**According to customer records maintained by Fiserv and/or records in the possession of and/or developed by the Receiver and/or the Claims Administrator, and reviewed by Plaintiffs' Counsel:**

**The amount of your Initial Claim is as follows:**

**$_____**

**Your Category of Recovery is as follows:**

_____

**Based on the figure listed above, your total Settlement payment (assuming you return this Proof of Claim and Release by the deadline, and assuming all eligible Class Members participate in the Settlement) will be approximately:**

**$_____   (you will be responsible for all taxes)**

**3.   IF YOU BELIEVE YOU WERE A CUSTOMER OF FISERV BUT ARE LISTED AS A NON-CUSTOMER:**

If you have been assigned to the category of NON-CUSTOMER OF FISERV, but believe you have facts to demonstrate that you were, in fact, a CUSTOMER OF FISERV, **please attach to this Proof of Claim and Release any documents** that support your claim of a customer relationship with Fiserv with respect to any Heath-sponsored investments you own or owned.  Please be advised that Fiserv's customer records, and the determination of your Category of Recovery by the Claims Administrator, are presumed to be correct unless the documents you provide prove otherwise.

**YOU MUST READ AND SIGN THE RELEASE BELOW.**

**III.   RELEASE OF CLAIMS.**

I hereby release and discharge First Trust Corporation (n/k/a "Fiserv Trust Company" and referred to in this Proof of Claim and Release as "Fiserv") and each of its predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees (present and past), agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, and assigns, and present or past firms, trusts, corporations,

officers, directors, or other individuals or entities in which Defendant has or had a controlling interest or which is or was related to or affiliated with Defendant and any other present or past representatives of any of these persons or entities ("Corresponding Released Parties"), from any and all claims, demands, rights, charges, complaints, damages, attorneys' fees, obligations, and liabilities of any and every kind, actions, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against Defendant and/or its Corresponding Released Parties, or any one of them, arising out of, based upon, or related to the allegations in the Litigation, or in any way related to any of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, courses of conduct, circumstances, representations, misrepresentations, omissions, failures to act, or any other matters that were or could have been alleged or asserted in the Litigation, or which arise from the Litigation itself (the "Released Claims"), belonging to Plaintiffs and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other present or past representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States) that relate in any way to any alleged violation of law, any misstatement or omission, any

breach of duty, any negligence or fraud or any other alleged wrongdoing or misconduct relating in any way to Defendant or that relate in any way to the Litigation or its Settlement.

With respect to the Released Claims, I also expressly, knowingly, and intentionally release any Unknown Claims, meaning claims that I do not know or suspect to exist that, if known by me, might affect my agreement to release Defendant and its Corresponding Released Parties, or might affect my decision to agree, object or not to object to the Settlement. Likewise, I expressly, knowingly, and intentionally waive the benefits and rights of California Civil Code section 1542, and the benefits and rights conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside the United States, which is similar, comparable or equivalent to §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR EXPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

I acknowledge that I may discover facts in addition to or different from those that I now know or believe to be true with respect to the subject matter of this Release, but it is my intention finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims I may have**.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement described in the Notice. I also submit to the jurisdiction of the United States District Court for the Central District of California with respect to

my claim as a Settlement Class Member and for purposes of enforcing the release set forth in this Proof of Claim and Release. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Plaintiffs' Counsel and/or the Claims Administrator to support this claim if required to do so. I have not submitted any other claim against Fiserv covering the same Heath investment losses, as claimed in this Proof of Claim and Release, and know of no other Person having done so on my behalf.

## V.    MAILING INSTRUCTIONS

Please mail this completed Proof of Claim and Release to the Claims Administrator at the address listed below. **Your completed Proof of Claim and Release must be postmarked on or before _____, 2008 or else you will forfeit your benefits under this Settlement.** Even if you file an objection to the Settlement, you must submit this Proof of Claim and Release by the deadline in order to receive any benefits under the Settlement if your objection is overruled. The address of the Claims Administrator is:

Jenson v. Fiserv Litigation
c/o Claims Administrator
Garden City Group, Inc.
P.O. Box 9245
Dublin, Ohio  43017-4645

## VI.    PLEASE SIGN BELOW

_____      Dated: _____
        (Signature)

_____
        (Print Name)

If you have any questions about completing this Proof of Claim and Release, please call the Claims Administrator at (888) 205-7866.

## VII.    SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

## PART I

Name: _____

?     Individual/Sole Proprietor       ?     Pension Plan

?     Corporation     ?     Partnership     ?     Trust

?     IRA       ?     Other

    Enter TIN on appropriate line.

    For individuals, this is your Social Security Number ("SSN").

    For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

    For other entities, it is your EIN.

_ _ _ - _ _ - _ _ _ _     or       _ _ _ - _ _ - _ _ _ _

Social Security No.           Employer Identification No.

## PART II

For Payees Exempt From Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

## PART III -- Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

The number shown on this form is my correct TIN; and

I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:     If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Part II above.

SEE ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this __ day _____, in _____.
(Month/Year)                     (City, State, County)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, e.g., Beneficial Purchaser, Executor or Administrator)

NOTE:  If you are signing on behalf of a member of the Settlement Class, you

1   must provide documentation establishing your authority to do so.

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.    Please sign the above Release and declaration.

2.    Remember to attach copies of supporting documentation if you dispute your Category of Recovery.

3.    Do not send original documents.

4.    Keep a copy of your Proof of Claim and Release for your records.

5.    If you desire an acknowledgment of receipt of your Proof of Claim and Release, please send it Certified Mail, Return Receipt Requested.

6.    If you are signing this document on behalf of a member of the Settlement Class, remember to include your documentation establishing your authority to do so.

7.    If you move before receiving payment, please send us your new address.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A-3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>FIRST TRUST CORPORATION, and DOES 1-10, inclusive,<br><br>           Defendants. | CASE NO. 05-CV-03124-ABC-CT<br><br>**PUBLICATION NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING** |

**TO: ALL PERSONS WHO INVESTED IN THE FRAUDULENT INVESTMENT SCHEME OPERATED BY D.W. HEATH & ASSOCIATES AND WHO RECEIVED IN RETURN LESS MONEY THAN THEY INVESTED**

The United States District Court for the Central District of California has ordered that notice be given of the proposed settlement of a class action filed on your behalf. If the settlement is approved by the Court, your legal rights may be affected. This notice summarizes the class action lawsuit and the settlement, and the steps you need to take to protect your rights.

This class action lawsuit was brought on behalf of investors who invested in the fraudulent investment scheme operated by D.W. Heath & Associates ("Heath") and who lost money in these investments. The defendant is First Trust Corporation (n/k/a "Fiserv Trust Company" and referred to in this notice as "Fiserv"), which was a custodial trustee for the individual retirement accounts ("IRAs") through which some of the investments with Heath were made. The Court certified a Class consisting of all individuals and entities who invested in the scheme and who received in return less money than they invested. The Court

also certified a Subclass consisting of all members of the Class who invested in Heath with an IRA administered by Fiserv.

The parties have negotiated a proposed settlement, which is subject to Court approval.  The settlement amount is $8,500,000.  A hearing will be held on _____, 2008, at 10:00 a.m., in the above action, before the Honorable Audrey Collins, United States District Court Judge for the Central District of California, in Courtroom 680, Roybal Federal Building, 255 East Temple Street, Los Angeles, California 90012, for the purpose of determining:  (1) whether the proposed settlement amount of $8,500,000.00 to settle Plaintiffs' claims against Defendant as alleged in this Litigation should be approved by the Court as fair, reasonable and adequate; (2) whether the Litigation should be dismissed with prejudice as set forth in the Stipulation of Settlement dated as of January 24, 2008; (3) whether the Plan of Allocation is fair, reasonable and adequate and therefore should be approved; (4) whether Plaintiffs' Counsel's Fee and Expense Application should be approved; and (5) whether the application of Plaintiffs' Counsel for the payment of Incentive Awards to the Class Representatives for their work on behalf of the Class should be approved as fair, reasonable and adequate.

If you purchased any Heath-sponsored investment(s), and have not fully recovered your principal investment amount, your rights may be affected by the settlement of the Action.  If you have not received a detailed Notice of Pendency and Settlement of Class Action and Settlement Hearing and a copy of the Proof of Claim and Release, you may obtain copies by writing to Garden City Group, Inc., Claims Administrator, attn: *Jenson v. Fiserv Litigation*, P.O. Box 9245, Dublin, Ohio, 43017-4645, or by calling (888) 205-7866.  Complete information concerning the Litigation may be obtained from the court files on this matter.

If you are a member of the Settlement Class, in order to share in the

distribution of the Net Settlement Fund, you <u>must</u> submit a Proof of Claim and Release no later than _____, 2008, establishing that you are entitled to recovery.  You will be bound by any judgment rendered in the Litigation whether or not you make a claim.  If you desire to be excluded from the Settlement Class, you must submit to the Claims Administrator a Request for Exclusion, postmarked no later than twenty-one (21) court days prior to the date of the Settlement Hearing, in the manner and form explained in the detailed Notice referred to above.  All members of the Settlement Class who have not requested exclusion from the Settlement Class will be bound by a judgment entered in the Litigation pursuant to the Stipulation of Settlement.

Any objection to the settlement must be filed with the Court and served on the respective parties (as set forth below), by mail or hand delivery, such that it is received by each of the following no later than twenty-one (21) calendar days before the date of the Settlement Hearing:

CLERK OF THE COURT
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Roybal Federal Building, Courtroom 680
255 East Temple Street,
Los Angeles, California 90012

Counsel for Plaintiffs:
GLANCY BINKOW & GOLDBERG LLP
KARA M. WOLKE
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

Counsel for Defendant:
GIBSON, DUNN & CRUTCHER LLP
MARCELLUS A. MCRAE
333 South Grand Avenue
Los Angeles, California 90071-3197

and

MAIER SHOCH LLP
ERIC R. MAIER
633 W. Fifth Street, Suite 5880
Los Angeles, California 90071-2086

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

**OFFICE REGARDING THIS NOTICE.**

DATED: _____, 2008          BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT
                                     CENTRAL DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>      v.<br><br>FIRST TRUST CORPORATION, and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. 05-CV-03124-ABC-CT<br><br>**[PROPOSED] FINAL ORDER AND JUDGMENT OF DISMISSAL** |

This matter came before the Court for hearing pursuant to the Order of this Court filed _____, 2008, on the application of the parties for final approval of the settlement set forth in the Stipulation of Settlement dated January 24, 2008 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in that Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

     1.    This Order and Judgment of Dismissal incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

     2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

     3.    The Settlement Class is defined as: all individuals and entities who invested in the fraudulent investment scheme operated by D.W. Heath &

Associates ("Heath") and who received in return less money than they invested. The Subclass consists of all members of the Class who invested in Heath with funds held in Individual Retirement Accounts ("IRAs") administered through First Trust Corporation (n/k/a "Fiserv Trust Company" and referred to herein as "Fiserv").

Excluded from the Settlement Class are (i) D.W. Heath & Associates, Daniel Heath, Larre Schlarmann, Denis O'Brien, John Heath, Martin Duffield, Raul Jordan, Rick Caporale, William Dowdell, Denis McGilvery, and any past or present firm, trust, corporation, parent, subsidiary, or other individual or entity in which any of the foregoing individuals has a controlling interest or any present or past entity that is related to or affiliated with any of the foregoing individuals; and the legal representatives, agents, affiliates, heirs, successors, and assigns of any such excluded persons; (ii) Defendant; all individuals who are either current officers and/or directors of Defendant, or who served as officers or directors of Defendant at any time from 1995 to the present; any of Defendant's parents or subsidiaries; any person, firm, trust, corporation, officer, director, or other individual or entity in which Defendant has a controlling interest or any present or past entity that is related to or affiliated with Defendant; and the legal representatives, agents, affiliates, heirs, successors, and assigns of any such excluded persons; (iii) those Persons who are/were plaintiffs in a separate action against Fiserv titled *Adams et al. v. Schlarmann et al.*, No. GIC837421, filed in the Superior Court of the State of California in the County of San Diego (the "Adams Action"), if the dismissal with prejudice against Defendant has been upheld on appeal and all appeals have been exhausted as of the date this Order and Judgment of Dismissal becomes Final; and (iv) those Persons, if any, who have filed, commenced, prosecuted, intervened in, or participated (as class members or otherwise) in any other lawsuit, arbitration, or other proceeding in

any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims, and whose claims have resulted in a release of Fiserv or a judgment that is no longer appealable at the time that the Order and Judgment of Dismissal becomes Final.

4.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

5.    The Court finds that the Stipulation, and Settlement contained therein, is fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation and Settlement contained therein, is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

6.    Except as to any individual claim of those Persons (identified in Exhibit B-1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

7.    Upon the Effective Date hereof, and in consideration of: (a) Defendant's agreement to pay (or have its insurance companies pay) the amount of $8.5 million (the "Cash Settlement Amount") and (b) Defendant's release of Released Defendant's Claims, as set forth in the Stipulation, Class Representatives and each Settlement Class Member (and their Corresponding Released Parties, as set forth in ¶1.31 of the Stipulation of Settlement) shall be deemed to have, and by operation of the Order and Judgment of Dismissal shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims" as set forth in ¶¶ 1.46 and 4.4 of the Stipulation of Settlement) against Defendant and  its Corresponding Released

Parties, and Defendant's Counsel, and each of them, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

8.     Except as otherwise expressly set forth in the Stipulation of Settlement, upon the Effective Date, all claims for contribution and indemnification arising out of the Released Claims by any Settling Party against Defendant and its Corresponding Released Parties are hereby barred.

9.     All members of the Settlement Class who are not listed on Exhibit B-1 hereto are hereby forever barred and enjoined from prosecuting the Released Claims against Defendant and its Corresponding Released Parties.

10.    Upon the Effective Date hereof, and in consideration of the releases to be provided by Class Representatives, the Settlement Class, and all members thereof, as set forth in ¶7, above, Defendant (and its Corresponding Released Parties as set forth in ¶1.31 of the Stipulation of Settlement), shall be deemed to have, and by operation of this Order and Judgment of Dismissal shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Representatives, Settlement Class Members, Plaintiffs' Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendant's Claims (including "Unknown Claims" as set forth in ¶¶ 1.46 and 4.4 of the Stipulation of Settlement).

11.    The notice given to the Settlement Class, including the individual Notice to all members the Settlement Class who could be identified through reasonable effort and the Publication Notice, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the Notice, including the proposed Settlement set forth in the Stipulation and the Settlement Hearing thereon, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

12.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be or may be used as an admission, concession or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any allegation asserted by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendant and its Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendant or any of its Corresponding Released Parties, in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal; (c) is or may deemed to be or shall be used, offered or received against Defendant, Plaintiffs, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of the Released Claims or Released Defendant's Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any allegation asserted by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Corresponding Released Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount, or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial.    Any of the Settling Parties or any of their

Corresponding Released Parties may file this Stipulation and/or the Order and Judgment of Dismissal in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.     Without affecting the finality of this Order and Judgment of Dismissal in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of Plaintiffs' Counsel's Fee and Expense Award and Class Representatives' Incentive Awards in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.     The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.     Counsel for Plaintiffs and the Settlement Class are awarded fees in the amount of $ _____ or _____% of the Gross Settlement Fund, plus reimbursement of expenses in the amount of $_____, plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation. Class Representatives are awarded Incentive Awards in the amount of $_____ to Jerome Jenson, $_____ to Betty Tait, $_____ to Eileen Horton, and $_____ to Joseph Risse.

16.     The Plan of Allocation, including the calculations of Settlement Class Members' base allowed claims, as previously approved by the Honorable John F. Walter, for administration by the therein court-appointed Receiver, Robb

Evans & Associates, in *Securities & Exchange Commission v. D.W. Heath & Associates, et al.*, 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division, is approved as fair, reasonable and adequate, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Judgment of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: _____, 2008    _____
                               THE HONORABLE AUDREY COLLINS
                               UNITED STATES DISTRICT COURT JUDGE

**(EXHIBIT B-1, Requests for Exclusion)**