

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

JEROME JENSON, BETTY TAIT, EILEEN HORTON and JOSEPH RISSE, Individually and On Behalf of All Others Similarly Situated,

　　　　　Plaintiffs,

　　v.

FIRST TRUST CORPORATION, and DOES 1-10, inclusive,

　　　　　Defendants.

CASE NO. 05-CV-03124-ABC-CT

[~~PROPOSED~~] **FINAL ORDER AND JUDGMENT OF DISMISSAL; ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

Priority ＿＿
Send ＿＿
Enter ＿＿
Closed ＿＿
JS-5/JS-6 ✓
JS-2/JS-3 ＿＿
Scan Only ＿＿

　　　　This matter came before the Court on June 2, 2008, for hearing pursuant to the Order of this Court filed February 11, 2008, on the application of the parties for final approval of the settlement set forth in the Stipulation of Settlement dated January 24, 2008 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in that Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

　　　　1.　　This Order and Judgment of Dismissal incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

　　　　2.　　This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all members of the Settlement Class.

　　　　3.　　The Settlement Class is defined as: all individuals and entities who invested in the fraudulent investment scheme operated by D.W. Heath &

Associates ("Heath") and who received in return less money than they invested. The Subclass consists of all members of the Class who invested in Heath with funds held in Individual Retirement Accounts ("IRAs") administered through First Trust Corporation (n/k/a "Fiserv Trust Company" and referred to herein as "Fiserv").

Excluded from the Settlement Class are (i) D.W. Heath & Associates, Daniel Heath, Larre Schlarmann, Denis O'Brien, John Heath, Martin Duffield, Raul Jordan, Rick Caporale, William Dowdell, Denis McGilvery, and any past or present firm, trust, corporation, parent, subsidiary, or other individual or entity in which any of the foregoing individuals has a controlling interest or any present or past entity that is related to or affiliated with any of the foregoing individuals; and the legal representatives, agents, affiliates, heirs, successors, and assigns of any such excluded persons; (ii) Defendant; all individuals who are either current officers and/or directors of Defendant, or who served as officers or directors of Defendant at any time from 1995 to the present; any of Defendant's parents or subsidiaries; any person, firm, trust, corporation, officer, director, or other individual or entity in which Defendant has a controlling interest or any present or past entity that is related to or affiliated with Defendant; and the legal representatives, agents, affiliates, heirs, successors, and assigns of any such excluded persons; (iii) those Persons who are/were plaintiffs in a separate action against Fiserv titled *Adams et al. v. Schlarmann et al.*, No. GIC837421, filed in the Superior Court of the State of California in the County of San Diego (the "Adams Action"), if the dismissal with prejudice against Defendant has been upheld on appeal and all appeals have been exhausted as of the date this Order and Judgment of Dismissal becomes Final; and (iv) those Persons, if any, who have filed, commenced, prosecuted, intervened in, or participated (as class members or otherwise) in any other lawsuit, arbitration, or other proceeding in

any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation and/or the Released Claims, and whose claims have resulted in a release of Fiserv or a judgment that is no longer appealable at the time that the Order and Judgment of Dismissal becomes Final.

4.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.

5.      The Court finds that the Stipulation, and Settlement contained therein, is fair, reasonable and adequate as to each of the Settling Parties, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and that the Settling Parties are hereby directed to perform its terms.

6.      Except as to any individual claim of those Persons (identified in Exhibit B-1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation and all claims contained therein are dismissed with prejudice.   The Parties are to bear their own costs, except as otherwise provided herein or in the Stipulation.

7.      Upon the Effective Date hereof, and in consideration of: (a) Defendant's agreement to pay (or have its insurance companies pay) the amount of $8.5 million (the "Cash Settlement Amount") and (b) Defendant's release of Released Defendant's Claims, as set forth in the Stipulation, Class Representatives and each Settlement Class Member (and their Corresponding Released Parties, as set forth in ¶1.31 of the Stipulation of Settlement) shall be deemed to have, and by operation of the Order and Judgment of Dismissal shall have, fully, finally and forever released, relinquished and discharged all Released Claims (including "Unknown Claims" as set forth in ¶¶ 1.46 and 4.4 of the Stipulation of Settlement) against Defendant and its Corresponding Released

Parties, and Defendant's Counsel, and each of them, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release.

8.      Except as otherwise expressly set forth in the Stipulation of Settlement, upon the Effective Date, all claims for contribution and indemnification arising out of the Released Claims by any Settling Party against Defendant and its Corresponding Released Parties are hereby barred.

9.      All members of the Settlement Class who are not listed on Exhibit B-1 hereto are hereby forever barred and enjoined from prosecuting the Released Claims against Defendant and its Corresponding Released Parties.

10.     Upon the Effective Date hereof, and in consideration of the releases to be provided by Class Representatives, the Settlement Class, and all members thereof, as set forth in ¶7, above, Defendant (and its Corresponding Released Parties as set forth in ¶1.31 of the Stipulation of Settlement), shall be deemed to have, and by operation of this Order and Judgment of Dismissal shall have, fully, finally and forever released, relinquished and discharged each and all of the Class Representatives, Settlement Class Members, Plaintiffs' Counsel, and each of them, and each of those parties' Corresponding Released Parties from all Released Defendant's Claims (including "Unknown Claims" as set forth in ¶¶ 1.46 and 4.4 of the Stipulation of Settlement).

11.     The notice given to the Settlement Class, including the individual Notice to all members of the Settlement Class who could be identified through reasonable effort and the Publication Notice, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth in the Notice, including the proposed Settlement set forth in the Stipulation and the Settlement Hearing thereon, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirement of due process.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission, concession or evidence of the validity or invalidity of any Released Claims, the truth or falsity of any allegation asserted by Plaintiffs, the sufficiency or deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendant and its Corresponding Released Parties, or any of them; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission with respect to any statement or written document attributed to, approved or made by Defendant or any of its Corresponding Released Parties, in any civil, criminal, administrative or other proceeding in any court, administrative agency or other tribunal; (c) is or may be deemed to be or shall be used, offered or received against Defendant, Plaintiffs, their Corresponding Released Parties, or each or any of them, as an admission, concession or evidence of, the validity or invalidity of any of the Released Claims or Released Defendant's Claims, the infirmity or strength of any claims raised in the Litigation, the truth or falsity of any allegation asserted by Defendant, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation; (d) is or may be deemed to be or shall be construed as or received in evidence as an admission or concession against the Settling Parties and their Corresponding Released Parties, or each or any of them, that any of the Plaintiffs' claims are with or without merit, that damages recoverable under the Plaintiffs' operative complaint would have been greater or less than the Cash Settlement Amount, or that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount which could have or would have been recovered after trial. Any of the Settling

Parties or any of their Corresponding Released Parties may file this Stipulation and/or the Order and Judgment of Dismissal in any action that may be brought against such party or parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13.    Without affecting the finality of this Order and Judgment of Dismissal in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of Plaintiffs' Counsel's Fee and Expense Award and Class Representatives' Incentive Awards in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14.    The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15.    Counsel for Plaintiffs and the Settlement Class are awarded fees in the amount of $ _____ or 33 % of the Gross Settlement Fund, plus reimbursement of expenses in the amount of $ 483,800 , plus interest to the same extent that interest has been earned on the Settlement Fund, both to be paid from the Settlement Fund pursuant to the terms of the Stipulation. Additionally, Class Representatives are awarded Incentive Awards in the amount of: $ 20,000 to Jerome Jenson, $ 10,000 to Betty Tait, $ 10,000 to Eileen Horton, and $ 10,000 to Joseph Risse, to be paid from the Settlement Fund pursuant to the terms of the Stipulation.

16.    The Plan of Allocation, including the calculations of Settlement Class Members' base allowed claims, as previously approved by the Honorable

John F. Walter, for administration by the therein court-appointed Receiver, Robb Evans & Associates, in *Securities & Exchange Commission v. D.W. Heath & Associates, et al.*, 2:04-cv-02949-JFW-E, United States District Court for the Central District of California, Western Division, is approved as fair, reasonable and adequate, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

17.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, this Order and Judgment of Dismissal shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and Releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

IT IS SO ORDERED.

Dated: ___6 / 9___ , 2008      _____
                              THE HONORABLE AUDREY COLLINS
                              UNITED STATES DISTRICT COURT JUDGE

### (EXHIBIT B-1, Requests for Exclusion)

1. Jerry Alberts
2. Genoveva Almazan
3. Robert Backes
4. Yolanda Bare
5. Anna Bitner
6. Janusz Bitner
7. Chantler Family Rev. Trust (by Cathy Mayers, representative)
8. Iona Cridland
9. Vivian M. Glasgow
10. Helen Gleason
11. Mary Lou Harclerode (individually and on behalf of Albert Harclerode, deceased)
12. Mildred H. Haskell (individually and on behalf of the Willis B. & Mildred H. Haskell Trust, by Judith H. Sampson, Trustee)
13. Willis B. Haskell (individually and on behalf of the Willis B. & Mildred H. Haskell Trust, by Judith H. Sampson, Trustee)
14. Charles Humpal
15. Robert Ladewig (individually and on behalf of Ladewig Family Trust)
16. Rita Ladewig (individually and on behalf of Ladewig Family Trust)
17. Herbert Ludeking
18. Suzanne Ludeking
19. Marjorie McIntosh
20. Millie L. Osnes
21. Kenneth Patterson
22. Patricia Patterson
23. Patt Sheridan
24. Velma G. & Susan I. Stone Trust (JTWROS)
25. Manuel O. & Esperanza G. Torres Trust (JTWROS)
26. Connie Walker
27. Betty J. White
28. Edward A. White